UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMES SEABROOK,

                                        Plaintiff,

                  -against-

JANSSEN PHARMACEUTICALS, *et al.*,

                                        Defendants.

---

20-CV-2005 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, currently incarcerated on Rikers Island, brings this *pro se* action under 42

U.S.C. § 1983, alleging that Defendants violated his rights by failing to warn him of the risks

associated with the medication, Zyprexa, and then by denying him medical attention for

conditions he developed after taking the drug. By order dated March 16, 2021, the Court granted

Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] For

the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within

sixty days of the date of this order.[2]

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[2] The Court had originally dismissed this action because Plaintiff failed to pay the filing fee or submit an IFP application. After Plaintiff filed a motion for an extension of time to file a notice of appeal, the Court construed the motion as a motion to reopen the action, granted the motion, and directed Plaintiff to pay the filing fee or submit an IFP application. Plaintiff filed an IFP application, which the Court granted.

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff seeks money damages for Defendants' alleged failure to warn his Manhattan

Detention Center (MDC) doctors about the risks associated with taking the medication Zyprexa.

He also seeks damages for the subsequent failure of the New York City Department of

Correction (DOC) to provide adequate medical attention. Plaintiff names as Defendants:

(1) Janssen Pharmaceuticals Inc., (2) Janssen Research & Development LLC, and (3) Johnson &

Johnson, the entities that allegedly failed to warn of Zyprexa's risks ("Johnson & Johnson

Defendants"); (4) Michael Latunji, an MDC endocrinologist; (5) Bessie Flores-Clemente, an

MDC "appointment provider"; (6) Natasha Myles, a "plastic surgery ambcare" from Bellevue

Hospital Center (Bellevue); (7) Jacques Hacquebord, an endocrinologist at Bellevue; and

(8) Excerpta Media Inc., which Plaintiff does not otherwise identify.

Plaintiff alleges the following facts in his complaint, which is not a model of clarity:

during an unspecified period of time, while Plaintiff was detained at the MDC, MDC medical

staff prescribed Zyprexa to Plaintiff. Defendant "Janssen [had] directed its inadequate warning to

[Plaintiff's] doctors and failed to disclose Zyprexa['s] actual risk." (ECF 1, at 4.) Plaintiff now

"challeng[es] Janssen's [illegible] defense given that Zyprexa was not an approved drug with

respect to [his] condition." (*Id.*) Plaintiff contends that as a result of taking Zyprexa, he

developed a mass in his breast and seeks surgery because the mass is painful.

Plaintiff also alleges that while in the custody of DOC, he has been "prejudged because

of [his] physical appearance and subjected to improperly conducted strip searches." (*Id.* at 5.) As

for the allegation that he suffers pain in his breast, Plaintiff alleges that he "ha[s] been given

noting but ibuprofen." (*Id.*)

**DISCUSSION**

**A.     Federal Claims Against DOC Defendants**

1.     Medical Claims

Because Plaintiff alleges that correctional staff failed to treat his medical conditions, the Court construes the complaint as asserting medical claims under 42 U.S.C. § 1983. To state a claim under § 1983, Plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Here, Plaintiff's claims arise under the Due Process Clause of the Fourteenth Amendment because Plaintiff was a pretrial detainee when correctional staff allegedly denied him medical care. *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

To state a medical claim under the Fourteenth Amendment, a plaintiff must state facts suggesting that (1) his medical conditions are sufficiently serious (the "objective element"), and (2) correctional staff acted with at least deliberate indifference to the challenged conditions (the "subjective element"). *See Darnell*, 849 F.3d at 29.

For the objective element, a pretrial detainee "must show that the conditions, either alone or in combination, pose[d] an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)).

For the subjective element, a pretrial detainee must allege "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to

health or safety." *Id.* at 35. Thus, a "mere disagreement over the proper treatment" is not actionable under § 1983. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).

Moreover, the negligence of a correction official is not a basis for a claim of a federal constitutional violation under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Here, Plaintiff alleges that Defendants did not treat the mass that developed in his breast. But he does not assert any facts suggesting that correctional staff (1) failed to act with reasonable care to mitigate a risk posed by this condition and (2) knew, or should have known, that not providing him treatment posed an excessive risk to his health or safety. Moreover, it is unclear from the complaint whether Plaintiff and correctional staff simply disagreed over Plaintiff's treatment. Thus, because the complaint does not contain sufficient facts to state a claim, the Court grants Plaintiff leave to file an amended complaint.

2.      Strip Search Claims

The Court construes Plaintiff's allegation that correctional staff conducted improper strip searches as asserting a claim under the Fourth Amendment, the protections of which "extend to prisoners and pretrial detainees." *Holland v. City of New York*, 197 F. Supp.3d 529, 542 (S.D.N.Y. June 24, 2016) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979)). "Regardless of who performs the search, a visual body cavity search . . . is invasive: 'A strip search that involves a stranger peering without consent at a naked individual, and in particular at the most private portions of that person's body, is a serious invasion of privacy.'" *Harris v. Miller*, 818 F.3d 49, 58 (2d Cir. 2016) (quoting *Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 566 U.S. 318, 344-355 (2012) (Breyer, J., dissenting)).

Here, Plaintiff alleges that correctional staff "prejudged" him and conducted improper strip searches, but he does not state any facts to suggest that any particular strip search was

conducted in violation of the Fourth Amendment. The Court therefore grants Plaintiff leave to state facts in support of his claim that correctional staff conducted improper strip searches.

**B.      Personal Involvement**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of* Corr. Serv., 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how Defendants Michael Latunji, Bessie Flores-Clemente, Natasha Myles, Jacques Hacquebord were personally involved in the events underlying his claims; based on their individual titles, it appears these defendants provided him medical care. But Plaintiff does not state how each of these defendants violated his rights. Moreover, he does not name any correctional staff involved in an improper strip search. Thus, the Court also grants Plaintiff leave to name each defendant he believes violated his rights and state facts suggesting that each such defendant's conduct was unconstitutional.

C.      **State-law Claims Against Johnson & Johnson Defendants**

The Court notes that the claims against the Johnson & Johnson Defendants may be construed as a failure-to-warn claim, arising under New York State law,[3] over which it *may* exercise supplemental jurisdiction, *if* the federal claims are not dismissed. In the alternative, the Court *may* exercise jurisdiction over the claims under the Court's diversity jurisdiction, 28 U.S.C. § 1332, if the federal claims are dismissed.[4] If Plaintiff intends to pursue claims against the Johnson & Johnson Defendants in this action, he may include his claims in any amended complaint he files. In the alternative, he may pursue those claims in the New York State courts.

D.      **Excerpta Media**

Plaintiff does not allege any facts suggesting that Excerpta Media participated in any conduct underlying his state-law claims. If Plaintiff elects to pursue his claims against the Johnson & Johnson Defendants in this action, and he alleges that Excerpta Media participated in conduct related to those claims, he must describe how Excerpta Media was involved.

---

[3] To state a failure-to-warn claim, a plaintiff must allege that "(1) the manufacturer had a duty to warn; (2) the manufacturer breached the duty to warn in a manner that rendered the product defective, [that is], reasonably certain to be dangerous; (3) the defect was the proximate cause of the plaintiff's injury; and (4) the plaintiff suffered loss or damage." *Bee v. Novartis Pharm. Corp.*, 18 F. Supp. 3d 268, 282–83 (E.D.N.Y. 2014) (citing *McCarthy v. Olin Corp.*, 119 F.3d 148, 156 (2d Cir. 1997)).

[4] To establish diversity jurisdiction, Plaintiff must allege that he and Defendants are citizens of different states. Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 388 (1998). Generally, there is a rebuttable presumption that a prisoner retains his preincarceration domicile rather than acquiring a new domicile. *See Blumatte v. Quinn*, 521 F. Supp. 2d 308, 312 n.3 (S.D.N.Y. 2007); *Housand v. Heiman*, 594 F.2d 923, 925 n.5 (2d Cir. 1979). A corporation is a citizen of both the State where it is incorporated and the State where it has its "nerve center," generally its headquarters. *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). Here, assuming Plaintiff was a resident of New York before his incarceration and the Johnson & Johnson Defendants are residents of a state other than New York, Plaintiff could satisfy the diversity of citizenship requirement. He would also need to show that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

**LEAVE TO AMEND**

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant.[5] If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

---

[5] If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint. The naming of John Doe defendants, however, does not toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-2005 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:    August 19, 2021
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.



-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial                    Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                              State                              Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee

☐  Civilly committed detainee

☐  Immigration detainee

☐  Convicted and sentenced prisoner

☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                     Last Name                            Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

Defendant 2:

First Name                     Last Name                            Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

Defendant 3:

First Name                     Last Name                            Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

Defendant 4:

First Name                     Last Name                            Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                              State                    Zip Code

## V.     STATEMENT OF CLAIM

Place(s) of occurrence:   _____

Date(s) of occurrence:   _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____