UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES SEABROOK,

                Plaintiff,

– against –

JANSSEN PHARMACEUTICALS INC.,
NATASHA MYLES, MD JACQUES
HACQUEBORD, ALEX GORSKY, and
MICHAEL BOLUS,

                Defendants.

**OPINION & ORDER**

20 Civ. 2005 (ER)

RAMOS, D.J.:

    James Seabrook, an incarcerated *pro se* litigant, brings this action against Janssen Pharmaceuticals Inc. ("Janssen"), Natasha Myles, MD Jacques Hacquebord, Alex Gorsky (CEO of Janssen),[1] and Michael Bolus, alleging that the defendants violated his federal constitutional rights by failing to warn him of the risks associated with his prescribed medication and denying him medical care for the conditions he developed after taking the medication. Doc. 16. Before the Court is Janssen's and Gorsky's unopposed motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 23. For the reasons set forth below, the Court dismisses Seabrook's action without prejudice for failure to prosecute.

**I.  BACKGROUND**

    Seabrook brought the instant action on March 3, 2020. Doc. 1. By order dated March 18, 2020, the Honorable Colleen McMahon, to whom this matter was originally assigned, directed Seabrook, within thirty days, to submit a completed request to proceed *in forma pauperis* ("IFP application") and prisoner authorization or pay the $400 in fees required to file a civil action in this Court. Doc. 3. On June 11, 2020, the Court

---

[1] The Amended Complaint names Gorsky as a defendant but does not otherwise mention him.

dismissed the Complaint without prejudice, as Seabrook had not filed an IFP application and prisoner authorization or paid the fee. Doc. 4. On August 11, 2020, Seabrook filed a motion for an extension of time to file a notice of appeal. Doc. 6. By order dated August 13, 2020, the Court construed Seabrook's motion as a motion to reopen the action and granted the same. Doc. 7. On April 12, 2021, the case was reassigned to the Honorable Laura Taylor Swain. On April 19, 2021, the Court held that Seabrook failed to plead sufficient facts to state his claims and granted him leave to file an amended complaint. Doc. 15. On June 1, 2021, Seabrook filed the Amended Complaint. Doc. 16. The instant action was reassigned to this Court on October 28, 2021.

On December 1, 2021, Janssen and Gorsky filed a motion to dismiss the Amended Complaint. Doc. 23. They filed accompanying certificates of service, stating that they served Seabrook by mail at his address recorded on the docket: 1600 Hazen Street, E. Elmhurst, NY 11370. Docs. 23–26. However, on December 2, 2021, a day later, Seabrook filed a notice of change of address as follows: RNDC 74, 11-11 Hazen Street, E. Elmhurst, NY 11370. Doc. 27. Accordingly, on December 16, 2021, the Court directed Janssen and Gorsky to serve copies of their motion to dismiss and accompanying papers (Docs. 23–26) on Seabrook by mail at his new address. Doc. 32. On December 17, 2021, Janssen and Gorsky filed an affidavit of service of their motion to dismiss and accompanying papers, stating that they served Seabrook by mail at his new address on December 2, 2021. Doc. 33.

Seabrook did not respond to the motion. On May 5, 2022, the Court directed Seabrook to file an opposition by June 6, 2022. Doc. 38. The Court explained that failure to comply with Court orders may result in sanctions, including dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *Id.* Although the Court mailed a copy of this order to Seabrook, again, he failed to respond. On June 15, 2022, the Court issued another order, directing Seabrook to submit an opposition by July 15, 2022. Doc. 39. The Court again warned that failure to do so will result in sanctions,

including dismissal for failure to prosecute. *Id.* The Court mailed a copy of this order to Seabrook. To date, he has neither communicated with the Court nor filed a response to the pending motion to dismiss.

## II.     LEGAL STANDARD

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Fed. R. Civ. P. 41(b)).

"Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

"A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste*, 768 F.3d at 216 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). When weighing these factors, "[n]o single factor is generally dispositive." *Id.*

## III.    DISCUSSION

In the instant case, the factors weigh in favor of dismissal. *First*, Seabrook has not responded to Janssen's and Gorsky's motion to dismiss, which was filed over eight months ago, Doc. 23, or otherwise communicated with the Court since March 15, 2022, over five months ago. Doc. 37. Nor has he complied with the Court's orders dated May

3

5, 2022 and June 15, 2022 directing him to respond or risk sanctions such as "dismissal for failure to prosecute." Docs. 38, 39. Courts in this district have found comparable delays unreasonable. *See, e.g.*, *Morgan v. Does Nos. 1–3*, No. 18 Civ. 2571 (ER), 2020 WL 5646133, at *2 (S.D.N.Y. Sept. 22, 2020) (dismissing for over six-month delay); *Barnes v. Stop & Shop Supermarket Co., LLC*, No. 19 Civ. 431 (BCM), 2020 WL 3100191, at *2 (S.D.N.Y. June 11, 2020) (finding that delays of five months or less have resulted in dismissal in the Second Circuit); *Chavis v. City of New York*, No. 17 Civ. 9518 (PAE) (BCM), 2018 WL 6532865, at *3 (S.D.N.Y. Oct. 12, 2018) (dismissing for four-month long failure to prosecute), *report and recommendation adopted*, 2018 WL 6528238 (S.D.N.Y. Dec. 11, 2018).

*Second*, Seabrook had notice that his case could be dismissed for failure to prosecute. Twice, the Court expressly and specifically warned Seabrook that failure to comply with Court orders directing him to file an opposition "may result in sanctions, including dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)." Doc. 38; *see also* Doc. 39 ("Failure to comply with Court orders [instructing Seabrook to file an opposition] will result in sanctions, including dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).").

*Third*, the Court may presume prejudice to Janssen and Gorsky from Seabrook's over eight-month delay. *See, e.g.*, *LeSane*, 239 F.3d at 210 (noting that prejudice to defendants resulting from unreasonable delay may be presumed); *Morgan*, 2020 WL 5646133, at *2 (finding prejudice in light of six-month delay).

*Fourth*, Seabrook has failed to take advantage of his "right to due process and a fair chance to be heard." *LeSane*, 239 F.3d at 209. Indeed, "[i]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000). However, dismissal without prejudice and not on the merits is appropriate given that Seabrook's delay has not greatly impacted the Court calendar.

*Morgan*, 2020 WL 5646133, at *2; *see also Barnes*, 2020 WL 3100191, at *3 ("[T]he lesser sanction of a dismissal without prejudice equally 'serves the district court's need to clear its calendar.'" (quoting *Thrall v. Central New York Regional Trans. Authority*, 399 F. App'x 663, 666 (2d Cir. 2010))).

*Fifth*, where Seabrook has failed to communicate with this Court despite repeated warnings of the potential consequences, there are no weaker sanctions that could remedy Seabrook's failure to prosecute other than dismissal.  Because Seabrook is *pro se*, the Court finds dismissal without prejudice a sufficient sanction at this time.  *Virola v. Entire GRVC Dep't of Mental Health Hygiene Servs.*, No. 12 Civ. 1005 (ER), 2014 WL 793082, at *3 (S.D.N.Y. Feb. 21, 2014) (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)).

## IV.  CONCLUSION

For the reasons discussed above, the Court dismisses Seabrook's case without prejudice.

The Clerk of Court is respectfully directed to terminate the motion, Doc. 23, mail a copy of this order to Seabrook and note service on the docket, and close the case.

It is SO ORDERED.

Dated:   August 29, 2022
         New York, New York

_____
Edgardo Ramos, U.S.D.J.